Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3506 | **DATE** | July 22, 2008 |
| **CASE TITLE** | Scott Hildreth (#2007-0028801) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#7] is granted. The court authorizes and orders Cook County Jail officials to deduct $1.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The plaintiff's motion for appointment of counsel [#3] is granted. The court appoints Steve Pedersen, Stodheim & Grear, 400 N. Michigan Avenue, Suite 2200, Chicago, Illinois 60613, (312) 755-4400 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ [**For further details see text below.**]                                                                 **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12101. The plaintiff claims that the defendants, officials at the Cook County Jail, have violated the plaintiff's constitutional rights and the Americans with Disabilities Act by failing to accommodate his medical condition (Parkinson's Disease), which renders unable to write, and which has purportedly interfered with his access to the courts.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to
**(CONTINUED)**

mjm

**STATEMENT (continued)**

the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated potentially colorable federal causes of action. The ADA prohibits discrimination against handicapped individuals, as well as their exclusion from services or programs or their denial of benefits, on the basis of their disability. 42 U.S.C. § 12131. It is "undisputed" that the ADA applies to state prisoners. *Cassidy v. Indiana Dept. of Corrections*, 199 F.3d 374, 375 (7th Cir. 2000). In addition, prisoners have a First Amendment right of access to the courts. *Ingram v. Jones*, 507 F.3d 640, 645 (7th Cir. 2007). It is not the case that the plaintiff could prove "no set of facts" entitling him to relief. *Haines v. Kerner*, 404 U.S. 519, 521 (1972), *reh'g denied*, 405 U.S. 948 (1972).

However, the complaint on file is completely illegible, except for portions reportedly written by a fellow inmate. In light of the plaintiff's professed inability to write, his motion for appointment of counsel is granted. The court hereby appoints Steve Pedersen / Stodheim & Grear / 400 N. Michigan Avenue, Suite 2200 / Chicago, Illinois 60613 / (312) 755-4400 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.

After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court.