UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
JUN 10 2008
JUN 18 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Scott Hildreth
# 2007-0028801

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

08CV3506
JUDGE CASTILLO
MAGISTRATE JUDGE BROWN

vs.

(To be supplied by the Clerk of this Court)

Cook County
Salvador Godinez Director CCDOC
SALAZAR
Former Supt Div. 9 Salizer
Supt. Div. 9 Thomas THOMAS
CRW Ms. Butler. BUTLER

COOK COUNTY
Salvador Godinez
Former Supt SALAZAR
Div 9 Supt Thomas
CRW Butler
Sgt Nel?pa

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY:

  X    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
       U.S. Code (state, county, or municipal defendants)

  ___  COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
       28 SECTION 1331 U.S. Code (federal defendants)

  ___  OTHER (cite statute, if known)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

I. **Plaintiff(s):**

A. Name: Scott Hildreth

B. List all aliases: N/A

C. Prisoner identification number: 2097-0020401

D. Place of present confinement: Cook County Jail Div 9

E. Address: 2650 S. California Ave Chgo Illinois

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: Salvador Godinez

   Title: Director Cook Co Dept Corr

   Place of Employment: Cook Co.

B. Defendant: ? Salazar

   Title: Former Supt Div 9 CCDOC

   Place of Employment: Cook Co.

C. Defendant: Supt Div 9 Thomas

   Title: Supt Div 9

   Place of Employment: Cook Co.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

III.  List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.  Name of case and docket number: _07C 4696 / 07C 1461_

B.  Approximate date of filing lawsuit: _Aug 20 07 / Feb 15 08_

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: _Scott Huminski_

D.  List all defendants: _Cook Co Sheriff CCSP. Christopher Mescal_

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _Same_

F.  Name of judge to whom case was assigned: _Kennelly / Castillo_

G.  Basic claim made: _1st Amend violation / Denial of medical_

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _partly both_

I.  Approximate date of disposition: _?_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

IV.  **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

ADA.

From Jan 08 to date May 08 I have been denied any relief or a nature of ADA Americans with Disabilities Act 42 USC 12101 et seq. I filed it with sup Palmer in Aug 08 he did nothing. No response from it out Clerk Butler asked him several times. ? to no avail. Now Supt Thomas doing same.

I cannot act write well my courts attempt at findly. ?

need help.

ACCESS TO COURTS

Being denied access to courts for months. Premises pulling by cook conspirant staff now security and living the day of mail use is provide in attorney as it is up to her discretion, when indeed it is a constitutional right of a pre-trial detainee as a citizen pre-trial pending hearing, no docum and delayed only come processing, no

4

Revised 9/2007

A.D.A.

I am writting this for Scott cause of his Disbility. Claim: from Jan 8th 2008 to date May 31st 2008 I have been denied any Relief of a Nature of A.D.A Americans with disbilitys act. 42 USC 12101 et.seq. I filed it with Superintendant div.9, Mr Salazar aprox. Jan 8th 2008 he did Nothing, No Response, threw it out, CRW butler asked he about it several times, to no avail.

Now, New Supt. Div 9 Thomas is doing the Samething "Nothing"

~~Access to Courts~~

I am being denied also my right of Access to Courts for months I filed numerous grievences, copic cv Jail staff Both security and library personel think they can provide what they want when they want to their discreation constitutional rights do not pertain not on ant I have suffered in cause finishes delayed and hampered my defense both my disability and denial of access in court law library are deliberate indifference The supt. Div 9 mr Thomas answer to ADA is is a medical issue!?

I'd like an injunction to relieve either #3 or 4 in my proposal at expense of code CD. And compensatory damages of $5,000— and punitive $3,000.—

Run cost of denial or access to courts

and like $20,000— compensatory damages

and 10,000 punitive dmgs.

Relief:

Due to the CCDOC complete indifference to my condition and Red Act., and refusal to address it or even try to work something out from resulting of the issues above. I do ask for the following in relief.

That CCDOC provide me at their expense a laptop note book/word processor compatible to download with Prymsys system in Div 9 law library.

And $5,000.00 each month until not currently ADA compliant and approved ordered by court immediately.

BB

V.　**Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I'd like an information for #4 in my proposal and a compensatory damages and $30,000 punitive damages award $30,000

I'd like an injunction for number 3 or 4 in my proposoal compensatory damage $50,000 punitive damage $30,000

[illegible handwritten lines]

VI.　The plaintiff demands that the case be tried by a jury.　☐ YES　☒ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __6__ day of __June__, 20__08__

_Scott Hildreth_
(Signature of plaintiff or plaintiffs)

_Scott Hildreth_
(Print name)

_2007-0028701_
(I.D. Number)

Box 089002

Crypoi, IL 60608

(Address)

6　　　　　　　　　　　　　　　　Revised 9/2007

Feb. 08

<u>DISABLED PRISONERS</u>. Prisoners with disabilities or handicaps are protected both by the Constitution and by federal statutes. <u>Under the Constitution, prison officials must meet the medical needs of disabled prisoners and furnish the assistance that they require</u> in order to live a minimally decent life in prison. As one court put it, "the prison authorities must take the prisoner as they find him <u>and provide facilities compatible with his physical condition</u> that meet civilized standards of decency."

RUIZ V. ESTELLE 503 F.Supp 1265

<u>Disabled prisoners have greater rights under the Americans with Disabilities Act of 1990</u> (ADA).

42 U.S.C. § 12101 et seq.

ADA applies to any public entity. A "public entity" is defined in the ADA as including "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government. This definition clearly <u>includes correction departments and other agencies that operate prisons and jails.</u>

COUGHLIN 145 F.R.D. 339

<u>To take advantage of the ADA</u>, you must be a "qualified individual with a disability." "<u>Disability</u>" under the ADA means:

(A) a <u>physical</u> or mental <u>impairment that substantially limits one</u> or more of the <u>major life activities</u> of [an] individual;

(B) a <u>record of such</u> impairment; or

(C) being <u>regarded as having such</u> an impairment.

A "<u>qualified individual with a disability</u>" is one who

with or without reasonable modification to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or *<u>the provision of auxiliary aids and services</u>, <u>meets the essential eligibility requirements for the receipt of</u> services or the participation in programs or activities....

The rights the ADA provides to prisoners are broader than those guaranteed by the Constitution in several respects.

2

First, the statute requires defendants to change the way they operate, to provide additional services, and to make physical renovations if necessary to avoid excluding disabled persons from programs and services. The Rehabilitation Act standard, which will almost certainly be applied under the ADA, calls for "reasonable accommodations" to permit handicapped persons to participate in prison programs.

Accommodations are only deemed unreasonable if they impose "undue financial and administrative burdens" or require "a fundamental alteration in the nature of [the] program." This is a much more favorable standard than the "reasonable relationship" test of Turner v. Safley, under which prison officials are entitled to avoid "'ripple effect[s]' on fellow inmates or on prison staff," and prisoners must propose alternatives with "de minimis cost" in order to win.

Second, prisons may not engage in blanket exclusions of whole classes of prisoners from certain activities. They must make individualized judgments as to what individuals are "qualified."

3

Third, prisons may not give in to the perceptions or fears of inmates and staff. As noted above, the ADA specifically protects those who are "regarded" by others as having a disability, as well as those who actually have one.

The ADA requires the federal government to promulgate regulations implementing the statute. These regulations spell out in more detail what public entities must do to comply with the statute. These obligations include conducting self-evaluations of their compliance and adopting a procedure for handling complaints.

You are not required to exhaust administrative remedies before suing under the "public entity" provisions of Title II of the Americans with Disabilities Act. The relief available includes equitable relief (an injunction) and back pay; we believe that damages are available also.

4

## LETTER OF INFORMATION ON PROPOSAL

ACCORDING to (42 USC § 12101 et seq) "Americans with Disabilities Act" (4 pages info attached) I am entitled to assistance, for my problem writing due to Parkinson's Disease. It impairs my ability to communicate with my attorney, family, court, and C.C.J-CRW, mail room, C/O's, grievances, clothing, administration, anything, etc...

I am entitled to a reasonable solution.
I propose the following:

1) I be allowed to use Typewriter in Law Library at least 3 times a week, for 2 to 3 hours each time;
   OR
2) A Typewriter be brought up to 9-3H (or store room on 3H) for my use 6 to 9 hours per week;
   OR
3) I am provided with a laptop word processor, and able to download once a week, and print;
   OR
4) I be allowed to receive direct from a vendor a Canon portable typewriter AC/DC, very small approximately 10½" x 12" x 1¼". This kind of typewriter used to be sold on commissary on IDOC.

A

Regarding proposal #4 on previous page, I require the following:

a) A permit allowing me to possess and use and retain said Canon Typewriter, so it will not be confiscated by staff in a shakedown and/or as contraband.

b) Two sets of batteries for said Typewriter.— extra set to be held as deemed appropos (?)

c) Two extra ribbon cartridges for typewriter.

Thank you for your consideration

Sincerely  2-13-08

Scott

Reply Required

ANTON 708 865 4896 CCSPD
MC GUIRE          LINK CARD ?

C TRK SENT OUT ? AT RICS OR IN TRK ?
Need Transcript in Desk Bottom Drawer
Papers in First Crate in garage Bunch of legal Papers
written + Typed.
Glasses ?

~~Shelly~~
? STUFF KEEP
CAR AMP Speakers + Kenwood cass + CD changer
Home Stereo in Shed. CD's in Room Bedroom
+ link cards in garage all cass. in TRK or wood box ?


SELL
BIKE 600
~~Bungee ?~~
Comp
INS 100 - ?
Sewing Machines 6 @ 75-


★ COURT ORDER
Law Library 3xs wk minimum
Psyc. Evaluation Elgin somebody ?
glasses
meds.

                                              Alpeta Johnson
                                              94CR7234
● ★ PUB DEF. Court appoint. on APP DEF. ??
Need PD. David Kelley 630 221 3600
Papers in wood First crate in garage at Dad's
Transcript + Papers in bottom of Dresser Drawer

MASK vs [illegible] = [illegible]
[illegible] vs [illegible]
[illegible]

[illegible] [illegible] length?
what kind?
[illegible] Doggy style [illegible]

~~CHANGE VENUE~~ [illegible]?

LAW ~~FIRM~~ HIGH ~~PROFILE~~ ~~MEDIA~~ CASE?
~~[illegible]~~
~~[illegible]~~

12-1230 [illegible] ALIBI [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]
[illegible] [illegible] Park Ridge [illegible] on [illegible] [illegible] [illegible], [illegible] DL

RIGHT TO CONFRONT ACCUSERS? ID as req by [illegible]
line up [illegible] [illegible] [illegible] ID [illegible] as Req by [illegible].

TAKEN IN CUSTODY [illegible] [illegible] [illegible] [illegible] [illegible] CCS
How did he become suspect? [illegible] [illegible] [illegible] [illegible] [illegible] ID
~~[illegible] [illegible] [illegible] [illegible] up?~~ [illegible] [illegible] [illegible]
Anything you noticed [illegible] [illegible] [illegible] [illegible] approached?
[illegible] shoes Special shoes? [illegible] ~~[illegible] [illegible] [illegible]~~ [illegible]
[illegible]?

~~[illegible] [illegible] [illegible]~~ [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]
[illegible] it at you [illegible] it up [illegible] you. ? when did you see it
again and ? and ? [illegible] [illegible] [illegible] [illegible]
when you [illegible] [illegible] [illegible] it when?

Did he threaten you verbally? Threaten to hurt you?
Is it your testimony the man ejaculated in you?
~~MASK [illegible]? [illegible] [illegible] [illegible] [illegible] [illegible]?~~
ever take off, hand you to Mr. Scott? Color eyes
when approached you [illegible] he move [illegible] strong [illegible]
[illegible] you [illegible] [illegible] ~~[illegible]~~ [illegible] [illegible]?
what was [illegible] like [illegible] [illegible] or [illegible] [illegible]
[illegible] it [illegible] or walk [illegible]

[illegible] it by force or ~~[illegible]~~ [illegible]
Did the man say things like [illegible] [illegible]
no [illegible] [illegible] [illegible] [illegible] [illegible]
[illegible] could not [illegible] you [illegible] [illegible] [illegible]
Did you refuse [illegible] no [illegible] or [illegible]
to go. ?

③

*when testifying (circled) not to mention restraining order*

20070028801

Pw9 2F

Would Rev see an intruder? on Ruth?

Did her [illegible] [illegible] or really? Gu/l/4

Did he [illegible] [illegible] [illegible] ?

* on [illegible] Dec? 9306

Did [illegible] [illegible] you [illegible] caused [illegible] [illegible]

Did he tell you he was out there? 10.00 [illegible]

[illegible] the next [illegible] B no [illegible] [illegible]

Her Rev [illegible] rt [illegible] Ruth, the [illegible] [illegible]

only [illegible] [illegible] — Ruth

* Did he tell you he was [illegible] [illegible] [illegible]

[illegible crossed out]

[illegible] a [illegible] [illegible] [illegible]?

# Did you ever see Joop hit [illegible] ? let me go over to Lou

[illegible] [illegible] [illegible]

A Most cm Ruth intact ? when Ruth
[illegible] old [illegible] [illegible] 96
you could [illegible] 376

GlASSES — LAW FIRM High Profile media

Did He Threaten you ~~verbally~~ VERBALLY
Did he THREAT TO ~~HURT YOU~~ HURT

WHERE Did you say screwdriver? on Porch
after 1st time you helped our cat? early again?
not held on you whole time right?  when.
Did he hold it up to you in a threat manner ever? why?
He didn't bring it in house except in Park correct?
Did he tell you things like he could not stop...
you to do anything. Did he ...
you did ... you guys away ? once a Reg two 5?

Did you say he attacked you? what?
mostly ... when 1st ... when ... PART
whole time was Did you see his 2nd FACE?
color EYES. When did you come ...

DARTH— Glasses, white clothes (long sleeve)
Post conv. — Transcript  visit
Right to confront accuser   Park Ridge attack
NEWSPAPER ARTICLES ?        confer lunch time

(Did you ever say NO STOP ... you go
  ... silence
(If he left you alone then ... done ...)
Did he stop or leave?)

Scott Mitchell
vs
McBurne

No. 07 C 4896

5-19-08

Judge Kennelly,

Attached is a Proposition for an A.D.A. Complaint I guess to EEDOC. For some relief, or assistance in my inability to write due to my Parkinsons disease. I cannot write well to function daily with inter institutional matters or correspond with family, attorneys or most important the courts in both civil and most of all criminal. I need help. in form of ADA Proposal. It seems no fever moore chans care or understand

Can your sanction or instruction are of my proposal? refuse Smyt
Scott G

There is no Ject I include 3 pages of other examples of my writing
Sanction or instruction
For Robert Smyt pg. 5B