UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT HILDRETH ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 3506 |
| ) | |
| ) | |
| v. ) | Magistrate Judge Geraldine Soat Brown |
| COOK COUNTY, SHERIFF OF ) | |
| COOK COUNTY, EXECUTIVE ) | |
| DIRECTOR SALVADOR GODINEZ, ) | |
| SUPERINTENDENT "THOMAS," ) | |
| C/O "WRIGHT" and C/O "MASON" ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Scott Hildreth filed a fourth amended complaint alleging claims under the Americans with Disabilities Act and 42 U.S.C. § 1983. The defendants have moved to dismiss that complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Defs.' Mot.) [Dkt 64.] For the reasons set out below, the defendants' motion is granted as to Executive Director Godinez. In all other respects it is denied.

### BACKGROUND

Plaintiff Scott Hildreth, who was then a pretrial detainee at the Cook County Jail, initially filed this action *pro se.* [Dkt 9.] Counsel appointed to represent him filed an amended complaint. [Dkt 8, 11.] Defendants' motion to dismiss the amended complaint was granted, but Hildreth was given leave to replead. [Dkt 41.] Second, third and fourth amended complaints were filed, and the second and fourth complaints were followed by motions to dismiss. [Dkt 42, 54, 58, 63, 64] The

1

present motion to dismiss addresses the fourth amended complaint [dkt 63], which is referred to herein as the "Complaint."[1]

The Complaint consists of two counts: a claim under the Americans with Disabilities Act and a claim under 42 U.S.C. § 1983. (Compl.) Three defendants are included in both counts: Cook County, the Sheriff of Cook County, and the Executive Director of the Cook County Department of Corrections ("CCDOC") Salvador Godinez. The claim under § 1983 adds Superintendent "Thomas," Correctional Officer "Wright" and Correctional Officer "Mason" as defendants. Hildreth states that he will need discovery to obtain the full identify of those three individuals. (Compl. ¶ 3.)

Defendants now move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint. The motion raises two issues:

1. Are the allegations of the Complaint sufficient to plead claims under the ADA and §1983?

2. Are the allegations of the Complaint sufficient to plead those claims against these defendants?

**LEGAL STANDARD**

> A complaint will withstand a motion to dismiss [under Rule 12(b)(6)] if it provides a short and plain statement of the claim showing that the pleader is entitled to relief that is also sufficient to provide the defendant with fair notice of the claim and its basis. In order to demonstrate that he is entitled to relief, however, the pleader must show through his allegations that it is plausible, rather than merely speculative, that he is entitled to relief.

---

[1] The parties have consented to the exercise of jurisdiction by a magistrate judge. [Dkt 21.]

*INEOS Polymers, Inc. v. BASF Catalysts*, 553 F.3d 491, 497 (7th Cir. 2009) (citations and quotations omitted). Although that standard does not require heightened fact pleading, it does require the complaint to contain enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-556 (2007). In ruling on a motion to dismiss for failure to state a claim, the court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded facts as true and drawing all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

**DISCUSSION**

**I.         Hildreth's ADA claim**

Title II of the ADA provides in pertinent part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. The ADA defines "public entity" to include any department, agency, special purpose district, or other instrumentality of a state or local government. 42 U.S.C. § 12131(1)(B). That includes state and county prisons. *Pa. Dept. of Corrects. v. Yeskey*, 524 U.S. 206, 209 (1998) ("State prisons fall squarely within the statutory definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.' (§12131(1)(B))."). By naming the Sheriff and Executive Director Godinez in their official capacities, Hildreth is in effect alleging a claim against the "public entity." *See Monell v. Dept. of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n. 55 (1978) ("[O]fficial capacity suits generally represent only another way of pleading an action

against an entity of which an officer is an agent . . . ."). What public entity Hildreth may sue on this claim is discussed further below.

To state a claim under the ADA, Hildreth must allege that he is a qualified individual with a disability and that he was denied the benefit of services at prison by reason of his disability. 42 U.S.C. § 12132. Proof of discrimination under the ADA may be established by evidence that: (1) the defendant intentionally acted on the basis of the disability; (2) the defendant refused to provide a reasonable modification; or (3) the defendant's rule disproportionally impacts disabled people. *Washington v. Indiana High School Athletic Assn., Inc.*, 181 F.3d 840, 847 (7th Cir. 1999).

Reviewed in light of the Rule 12(b)(6) standard, Hildreth's Complaint pleads a plausible claim for relief under the ADA. Contrary to defendants' argument, the Complaint is not simply conclusory statements and legal conclusions. Hildreth alleges that he has Parkinson's disease which prevents him from writing in a legible manner. (Compl. ¶¶ 5-6.) As a result, he claims, he has been denied benefits of the courts and the CCDOC. (*Id.* ¶ 6.) Specifically, he claims he was denied "routine access" to the law library at the jail, notwithstanding an order from the Circuit Court of Cook County stating that Hildreth may have access to the law library twice a week. (*Id.* ¶¶ 7, 8.) Being denied access to the law library and a typewriter hindered his efforts to pursue a legal claim (an appeal to the Illinois Supreme Court, presumably from his criminal conviction) and prevented him from using the CCDOC's system of written requests and written grievances. (*Id.* ¶¶ 9-11.) Hildreth also suggests that he was retaliated against for requesting an accommodation: that on December 2, 2008 he was assaulted by correctional officers when he asked for access to the law library. (*Id.* ¶ 15.) Because he is unable to write legibly and was denied the "reasonable accommodation" of access to a typewriter, he is unable to submit requests for services to the

4

CCDOC or to prepare written grievances about the alleged assault and other inhumane conditions to which he has allegedly been subjected at the jail. (*Id*. ¶ 17.)

Hildreth seeks injunctive relief as well as damages on his ADA claim. In his prayer for relief he requests an order for "an appropriate accommodation . . . , *e.g.*, access to a typewriter or word processor, so that he can produce written communications . . . ." (*Id.* at 5.) Because Hildreth is no longer incarcerated at the CCDOC, his claim for injunctive relief is moot. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004); *accord Cotton v. Sheahan*, No. 02 C 0824, 2002 WL 31409575 at * 3 (N.D. Ill. Oct. 24, 2002) (striking inmate's prayer for injunctive relief in ADA claim because he was no longer incarcerated at county jail). All that remains of Hildreth's ADA claim is his prayer for monetary damages.

Although the Seventh Circuit has not directly addressed the issue, other courts have concluded that compensatory damages are available under Title II of the ADA only upon a showing of intentional discrimination. *See Phipps v. Sheriff of Cook Co.*, __ F. Supp. 2d __, 2009 WL 4146391 at *14-15 (N.D. Ill. 2009) (collecting cases). What is necessary to show intentional discrimination under the ADA has likewise not been expressly addressed by the Seventh Circuit, although other courts have concluded that it does not require personal animosity or ill will and "can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights." *Id*. at *15 (quoting *Powers v. MJB Acquisition Corp*., 184 F.3d 1147, 1153 (10th Cir. 1999)).

Here, Hildreth alleges some facts supporting an inference of intentional discrimination, for

5

example, the denial of the use of a typewriter notwithstanding a Circuit Court order permitting him such use, and the assault by correctional officers when Hildreth requested use of a typewriter. Whether, after discovery, Hildreth can present enough evidence of intentional discrimination sufficient to support an award of damages is not the issue on a motion to dismiss.

**II.        Hildreth's § 1983 claim**

Hildreth's § 1983 claim incorporates all the allegations of his ADA claim and further alleges that defendants subjected him to inhumane conditions of confinement and "acted with deliberate indifference to deprive the Plaintiff" of his Constitutional rights. (Compl. ¶¶ 21-24.) He complains of a range of conditions and events – from being "denied access to a regular diet and been forced to eat a vegetarian diet" to being denied access to medication for his disability and being assaulted by correctional officers on or about December 2, 2008, resulting in "a cracked rib, loose teeth and split lip," when Hildreth asked for access to the law library. (Compl. ¶¶12-16. )

Defendants' argument on their motion to dismiss is not directed to any particular aspects of Hildreth's § 1983 claim. Defendants simply argue that Hildreth "fail[s] to allege cognizable claims." (Defs.' Mot. at 2.) [Dkt 64.] Although defendants cite and quote decisions by the Supreme Court and Seventh Circuit regarding pleading standards, defendants fail to describe *why* Hildreth's allegations fall short of that standard. (*See id*. at 3-5.) Hildreth's allegations cannot be fairly characterized as "labels and/or conclusions" or "naked assertions devoid of further factual enhancement." (*See id*. at 3.)

In the absence of any more specific argument by defendants, the court concludes that Hildreth has sufficiently pleaded his claim under § 1983 to entitle him to move forward to discovery on that

claim. It is possible that not all of the acts of which Hildreth complains rise to the level of constitutional issues. A prison official violates the Eighth Amendment only if the deprivation is, objectively, "sufficiently serious," resulting in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting prior cases). But some of the allegations (which must be accepted as true on a motion to dismiss) certainly do rise to that level, for example, the allegations that he was denied access to medication for his disability and that he was physically assaulted by correctional officers when he asked for access to the law library. Whether there is evidence to support those claims is an issue for another day.

**III. Defendants**

A. Cook County, Sheriff and Executive Director

Defendants move for dismissal of Cook County on the ground that it is not responsible for the actions of the Sheriff, an independent officer, and for dismissal of the Sheriff and Executive Director on the ground that Hildreth has not properly pleaded an official-capacity claim against them. (Defs.' Mot. at 5-6.) Resolving the motion requires setting out the relationship between the Sheriff and the CCDOC, and distinguishing between vicarious and direct liability, and between the obligation to pay a judgment and the obligation to indemnify a defendant. Surprisingly, neither Hildreth nor defendants cite three decisions -- *Askew v. Sheriff of Cook Co., Ill.,* 568 F.3d 632 (7th Cir. 2009); *Carver v. Sheriff of La Salle Co., Ill.*, 787 N.E.2d 127 (Ill. 2003); and *Carver v. Sheriff of La Salle Co. Ill.*, 324 F.3d 947 (7th Cir. 2003) ("*Carver II*") – that deal directly with those issues.

Under Illinois law, the sheriff of Cook County is an independently elected county officer and is not an employee of the county in which he serves. *Moy v. Co. of Cook*, 640 N.E.2d 926, 931

7

(1994); *Carver*, 787 N.E.2d at 136. The sheriff is the custodian of the Cook County's jail. *Askew*, 568 F.3d at 636 (citing 55 Ill. Comp. Stat. 5/3-6017). The CCDOC is a department within the sheriff's office. *Moy,* 640 N.E.2d at 929. The sheriff appoints the director of the CCDOC who "shall serve at the pleasure of the Sheriff." 55 Ill. Comp. Stat. 5/3-15012. The sheriff is responsible for training the personnel to run the jail. *Moy,* 640 N.E.2d at 929.

Hildreth's Complaint is brought against the Sheriff of Cook County and Executive Director Godinez in their official capacities; he does not assert that they have personal liability here. Claims filed against government officers or public officials in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (citation omitted)). The CCDOC is a department of the sheriff's office and not itself a suable entity. *Castillo v. Cook Co. Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). The official entity as to which Hildreth's official-capacity suit is directed is the sheriff's office. Naming the Executive Director in his official capacity adds nothing to Hildreth's claim against the sheriff's office. Accordingly, Executive Director Godinez is dismissed as a defendant in this case.

The sheriff's office has vicarious liability for its employees' violations of the ADA. "The Fourth, Seventh, Ninth, and Eleventh Circuits have all agreed that when a plaintiff asserts a cause of action against an employer-municipality, under either the ADA or the RA [Rehabilitation Act], the public entity is liable for the vicarious acts of *any* of its employees as specifically provided by the ADA." *Delano-Pyle v. Victoria Co., Tex.*, 302 F.3d 567, 574-75 (5th Cir. 2002) (citing, *inter alia, Silk v. City of Chi.*, 194 F.3d 788, 806 (7th Cir. 1999)). Thus, the Sheriff in his official capacity

8

is an appropriate defendant on the ADA claim.

In contrast, local governments have no vicarious liability under § 1983. *Monell*, 436 U.S. at 2036. A local government may have direct liability under § 1983 "if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Co. Sheriff's Dept.*, 588 F.3d 445, 453 (7th Cir. 2009) (citing, *inter alia, Monell*, 436 U.S. at 690). "A governmental body's policies must be the *moving* force behind the constitutional violation before we can impose liability under *Monell*." *Id.* at 457 (emphasis in original).

In his § 1983 claim, Hildreth alleges that, in spite of the Circuit Court's order that he be allowed access to the law library twice a week, "Defendants" have implemented "policies and practices to deny the Plaintiff access to an accommodation for his disability, e.g., typewriters already existing in the CCDOC law library, and the denial of routine access to medication for his disability." (Compl. ¶ 25.) Although Hildreth's allegations are a bit sketchy, they are sufficient to survive a motion to dismiss. They give defendants fair notice of the claim and its basis. If Hildreth demonstrates that, because of a policy of the sheriff's office, he was denied access to his medication and deprived of the ability to prepare written requests and written grievances about the conditions of his confinement, he may be entitled to relief under § 1983. As discussed above, defendants have not demonstrated that those allegations do not state a plausible § 1983 claim.

Defendants note that Cook County is not vicariously liable under a theory of respondeat superior for the negligent actions of the sheriff. (Defs.' Mot. at 5, citing *Moy*, 640 N.E. 2d at 929-931.) Also, the acts and policies about which Hildreth complains are those of the sheriff's office and

9

its employees, not those of Cook County. That does not mean, however, that Cook County is not a proper defendant here. A county is obligated to provide funds to the county sheriff to *pay* official capacity judgments entered against the sheriff. *Carver*, 787 N.E.2d at 138. That is a different obligation from the obligation of the county to *indemnify* the sheriff or deputy for judgments entered against them in an individual capacity. *Id*. at 134. Because of its obligation to pay a judgment, the county is an indispensable party to a lawsuit against the sheriff in his official capacity. *Carver II*, 324 F.3d at 948; *Askew*, 568 F.3d at 635-36.

Because Hildreth has pleaded claims against the Sheriff in his official capacity, and Cook County is a necessary party to this lawsuit, the motion to dismiss the Sheriff and Cook County is denied. The motion is granted as to Executive Director Godinez.

B.  The individual defendants

Hildreth names Supt. Thomas and Correctional Officers Wright and Mason as defendants in their individual capacity. Although the text of the Complaint does not refer to them specifically, Hildreth states in his response to the motion that those three correctional officers were involved in the alleged assault on him that occurred on December 2, 2008 when he asked for access to the library. (Pl.'s Resp. at 5.) With that clarification (which could be made in the pleadings by amendment), defendants' only challenge is that these defendants have not been properly served.

Hildreth pleads that he will need discovery to find out the full names of these defendants to allow him to name them and serve them. Rather than dismissing the Complaint as to these defendants for failure to properly identify and serve them, however, Hildreth will be permitted to take discovery to learn their identities. *See Duncan* v. *Duckworth*, 644 F.2d 653, 656 (7th Cir.

1981).  Once the correctional officers are properly identified, Hildreth must move to amend the complaint to identify these defendants and set out his claim against them and must properly serve them. [2]

The motion to dismiss is denied as to the individual defendants.  However, following a reasonable period for discovery, Hildreth must file an amended complaint naming the specific individuals and setting out the basis for his claim against them and must properly serve them.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted as to Executive Director Godinez.  In all other respects it is denied.

**IT IS SO ORDERED**.

_____
Geraldine Soat Brown
United States Magistrate Judge

April 23, 2010

---

[2] Although this approach was recommended by the court in *Duncan* because the plaintiff there was *pro se* and at "distinct disadvantage" in trying to discover the identity of those directly responsible for his injury (644 F.2d at 656), Hildreth's counsel here was appointed to represent a plaintiff who originally filed this case *pro se*.

11